JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **INSIGHT INVESTMENTS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NORRIS TECHNOLOGIES, LLC, et al.,**<br><br>**Defendants.** | **Case No.: SACV 15-00743-CJC(RNBx)**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

## I. INTRODUCTION & BACKGROUND

Plaintiff Insight Investments, LLC ("Insight"), a California company, brings this action against Defendant Norris Technologies, LLC ("Norris"), a Tennessee company, for breach of warranty and violation of California Penal Code section 496. (Dkt. No. 1

[“Compl.”].) The action arises from a complex chain of sales. According to the Complaint, Norris purchased 960 Hewlett-Packard computers from Defendant Wholesale Warehouse, Inc. sometime in April or May of 2014. (*Id.* ¶ 9.) In May 2014, Norris then sold the computers to Triad Sourcing, LLC, a New Jersey company (“Triad”). (*Id.* ¶ 9.) Triad, in turn, reached out to Insight to ask if it was interested in purchasing the computers. (*Id.* ¶ 11.) Insight agreed and sent a purchase order to Triad on May 19, 2014. (*Id.* ¶ 12.) After inspecting the computers, Insight attempted to finalize the transaction and secure title to the computers, but Triad informed Insight that it could not yet release the computers to Insight, as it was awaiting the finalization of Triad’s own purchase of the computers from Norris. (Dkt. No. 18-1 [“Prochero Decl.”] ¶ 8.)

Insight contacted Norris’s Vice President of Sales and Purchasing, Mike Spero, to “confirm Norris’ role in the transaction and attempt to resolve the issue.” (Prochero Decl. ¶ 10.) Mr. Spero confirmed that Norris was selling the computers to Triad and told Insight that when he learned Insight was involved, he had “jumped in his car [and gone] to [the] bank” to finalize the Norris–Triad transaction. (*Id.* ¶ 9; Exh. 3.) Following Norris’s successful finalization of its sale to Triad, Triad resold the computers to Insight. (Compl. ¶ 13.)

In October 2014, Hewlett-Packard informed Insight that the computers Insight purchased from Triad had been stolen in April 2014. (Compl. ¶ 15.) Hewlett-Packard demanded that Insight return all of the computers it had not already resold, and Insight complied. (*Id.*) In an attempt to recover its losses, Insight then brought an action in this Court against Triad. *Insight Investments, LLC v. Trial Sourcing, LLC*, Case No. 8:14-cv-02003. Insight and Triad ultimately reached a settlement agreement, which included an assignment of Triad’s rights against Norris to Insight. (Compl. ¶ 18.) Pursuant to its rights under that assignment, Insight now brings this action against Norris. It asserts two causes of action: a violation of California Penal Code section 496(c), under which treble

damages are available against parties who knowingly sell stolen goods, and breach of warranty of title.

Before the Court is Norris's motion to dismiss or transfer based on the doctrine of *forum non conveniens* or, in the alternative, to dismiss for lack of personal jurisdiction. (Dkt. No. 15 ["Def.'s Mot."].) For the following reasons, the Court GRANTS Norris's alternative motion to dismiss for lack of personal jurisdiction.[1]

## II. LEGAL STANDARD

A party may move to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Federal courts may only decide cases over which they have both statutory and constitutional jurisdiction. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Where, as here, there is no applicable federal statue governing personal jurisdiction, the district court applies the law of the state in which the court sits. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). Because California's long-arm statute, California Civil Procedure Code section 410.10, extends jurisdiction to the limit of federal due process, the Court need only analyze the constitutional question. *See id.*; *Glencore*, 284 F.3d at 1123.

Constitutional due process concerns are satisfied when a nonresident defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S.

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 17, 2015 at 1:30 p.m. is hereby vacated and off calendar.

310, 316 (1945)). Under the minimum contacts analysis, jurisdiction may be general or specific. *Id.* It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant. *Id.* at 922. When a district court acts on a defendant's motion to dismiss without an evidentiary hearing, the plaintiff need only demonstrate facts that, if true, would support jurisdiction over the defendant. *Id.* Thus, the court may consider evidence presented in affidavits to assist it in its determination, but any factual disputes are resolved in plaintiff's favor. *Id.* When the plaintiff's version of the facts is not directly controverted, it is taken as true for the purposes of a Rule 12(b)(2) motion. *Id.* However, "we may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

## III. ANALYSIS

Although the Complaint alleges that Norris "has continuous, systematic, and substantial" contacts with the State of California, verbiage typically associated with general jurisdiction, Insight's briefing only recites the test for specific personal jurisdiction. (Compl. ¶ 6; *see* Dkt. No. 18 ["Pl.'s Opp'n"].) Because the burden to demonstrate personal jurisdiction is on the plaintiff, *Doe*, 248 F.3d at 922, and because Insight has not provided any argument as to why general jurisdiction might apply, only specific jurisdiction is at issue here. Specific jurisdiction exists if Norris purposefully availed itself of the benefits of California, the claims here arise out of or relate to Norris's California-related activities, and the exercise of jurisdiction comports with fair play and substantial justice. *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987). The plaintiff bears the burden of satisfying the first two prongs of the test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a

compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–78 (1985).

A party purposefully avails itself of the benefits of a forum when it "purposefully direct[s]" its activities toward a forum or "consummate[s] some transaction with the forum" or its residents. *Lake*, 817 F.2d at 1421. Here, Insight argues that Norris purposefully availed itself of California's benefits when Spero, Norris's Vice President, finalized the sale of the computers to Triad with the knowledge that Triad intended to resell them to Insight. Insight's theory is apparently that by expediting the agreement with Triad, Norris placed the computers in the "stream of commerce," knowing that they would reach Insight, a California company. But "a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987). It is true that Norris knew, at least at the time the transaction was finalized, that the computers were going to be resold to a California company. But that knowledge alone is not purposeful availment. *See Urban Textile, Inc. v. A&E Stores, Inc.*, No. 2:14-cv-01554-CAS (ASx), 2014 WL 3955173, at *4 (C.D. Cal. Aug. 11, 2014) ("[E]ven if [Defendant] were aware that the [product] would eventually be sold in California, that awareness does not constitute purposeful direction.").

Moreover, the Ninth Circuit has established that personal jurisdiction cannot be premised on "random, fortuitous, or attenuated contacts" or the "unilateral activities . . . of third parties." *Brainerd v. Governors of Univ. of Alberta*, 873 F.2d 1257, 1259 (9th Cir. 1989). Here, Triad had already *unilaterally* decided to sell the computers to Insight, with no apparent input or persuasion from Norris, before Norris greased the wheels of its agreement with Triad. Norris cannot reasonably be said to have purposefully availed itself of California's benefits when Triad originally selected a

California buyer without Norris's knowledge. Norris's expedited finalization of a previously existing contractual agreement with Triad does not change the analysis.

Insight's other attempts to demonstrate purposeful availment are similarly unavailing. It argues that it and Norris have an "ongoing business relationship, spanning a decade, involving the sale and purchase of products of the same kind as the computers sold here." (Pl.'s Opp'n at 9.) But even if that relationship were to qualify as purposeful availment, it would fail on the second prong—relatedness. For specific personal jurisdiction to exist, Insight's "cause[s] of action must arise out of *that particular* purposeful contact of the defendant with the forum state." *Lake*, 817 F.2d at 1421 (emphasis added). That Norris may have formerly availed itself of California by selling computers "of the same kind" to Insight does not establish that it availed itself of California by selling *these* computers to Insight (indeed, Insight's chief obstacle is that Norris *did not* sell these computers to Insight). *See Sunnyside Dev. Co. LLC v. Cambridge Display Tech., Ltd.*, No. C 08-01780 MHP, 2008 WL 4450327, at *2 (N.D. Cal. Sep. 29, 2008) ("[E]ven if the court found that [former transactions between the parties] amounted to purposeful availment . . . , such purposeful availment would be insufficiently related to plaintiff's remaining claim, which does not arise out of these forum-related activities.") For the same reason, Insight's claim that Norris's marketing emails to California companies establish personal jurisdiction also fails. Insight has not shown that any of Norris's marketing emails directed to California companies is in any way related to Norris's sale of *these* computers to Triad, a New Jersey company. [2]

---

[2] Previous transactions and marketing emails would traditionally go to the presence of general jurisdiction, not specific jurisdiction, which contains a relatedness requirement that these facts clearly do not meet. Insight never references general jurisdiction in its briefing and does not provide the test for general jurisdiction. As a result, it is unclear if Insight even intended to argue that the Court has both general and specific jurisdiction over Norris. In any event, these allegations would also be insufficient to sustain a finding of general jurisdiction, which in the case of a corporation requires that the corporation's affiliations with a state be "so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). Norris's prior sales and marketing efforts to California companies do not render it "essentially at home"

Because Insight has not met its burden of demonstrating that Norris purposefully availed itself of California and that its purposeful availment was related to Insight's claims here, Norris's motion to dismiss for lack of personal jurisdiction is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED.

DATED: August 13, 2015

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

in California. Norris has no California offices, is not registered to do business in California, has never paid taxes in California, does not own property in California, and has no agents for service of process in California. (Dkt. No. 15-3 ¶¶ 4–7.)